IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARJORIE JONES**, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **THE MAYLE HOME, INC.**, | ) | |
| | ) | JURY DEMAND INCLUDED HEREON |
| Defendant. | ) | |

Plaintiff Marjorie Jones ("Plaintiff" or "Ms. Jones") for her Complaint against Defendant The Mayle Home, Inc., ("Defendant") alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15, and Article II § 34a of the Ohio Constitution.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

4. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

5.  Ms. Jones is an adult individual residing in Minerva, Stark County, Ohio.

6.  Ms. Jones is a resident of Ohio who has been employed by Defendant as a non-exempt employee within the last three years.

7.  At all relevant times, Ms. Jones was an employee within the meaning of 29 U.S.C. §203(e) and R.C. 4111.03(D)(3) and 4113.15.

8.  Defendant is a non-profit corporation headquartered in Minerva, Ohio (Carroll County), with its principal place of business at 2311 Lilly Road NW, Minerva, Ohio. It can be served via its statutory agent Annette Mayle at 6138 Canton Road, Carrollton, Ohio 44615.

9.  At all relevant times, Defendant was an employer within the meaning of the FLSA, and R.C. 4111.03(D)(2) and 4113.15.

10.  At all relevant times, Defendant constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.  At all relevant times, Ms. Jones was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.  Ms. Jones's written Consent to Join this Action is attached hereto as Exhibit A.

**FACTUAL ALLEGATIONS**

13.  Defendant is a group living facility that provides health care services to individuals with mental and physical disabilities.

14.  At all relevant times, Ms. Jones was employed by Defendant as a live-in care assistant at Defendant's facility.

15.  Specifically, Ms. Jones was employed by Defendant as an overnight live-in care assistant from approximately November 2022, through August 17, 2024.

16. As an overnight live-in care assistant Ms. Jones worked approximately five (5), twenty-four (24) hour shifts per week.

17. At all relevant times, Ms. Jones was consistently required to, and did, work more than 40 hours per workweek.

18. Ms. Jones almost always, if not always, worked more than 40 hours per workweek, routinely working an average of 120 hours per week.

19. Ms. Jones was not exempt from the protection of the FLSA.

20. Despite working significant hours, Defendant only compensated Ms. Jones only for eighty-hours bi-weekly.

21. Defendant did not pay Ms. Jones overtime compensation at a rate of at least one and one-half times the regular rates for hours worked in excess of 40 per week, in violation of the FLSA.

22. Further, by choosing to only compensate Ms. Jones for forty hours per week instead of all hours worked, Defendant failed to pay Ms. Jones the minimum wages required.

23. At all relevant times, Ms. Jones was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d).

24. Defendant knowingly violated the FLSA by requiring Ms. Jones to work more than 40 hours in a workweek, while not paying her an overtime premium in an amount equal to 1.5 times her regular rate of pay.

25. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek.

## COUNT ONE
### FLSA Overtime Violations

26. Ms. Jones incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Ms. Jones regularly worked forty (40) or more hours per workweek for Defendant.

28. The FLSA requires that Defendant's non-exempt employees receive overtime compensation when they work more than forty (40) hours in a workweek.

29. Despite working hours in excess of forty (40) each workweek, Ms. Jones was not paid overtime compensation at a rate of one and one-half times her regular rate of pay for those hours worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

30. At all relevant times, Defendant knew that it was required to pay Ms. Jones overtime compensation.

31. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA and regulations thereunder that have the force and effect of law.

32. As a result of Defendant's violations of the FLSA, Ms. Jones was injured in that she did not receive overtime compensation due to her pursuant to the FLSA. She is entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*.

## COUNT TWO
### Ohio Overtime Violations

33. Ms. Jones incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Ms. Jones regularly worked 40 or more hours per workweek for Defendant.

35. Despite working hours in excess of forty (40) each workweek, Ms. Jones was not paid overtime compensation at a rate of one and one-half their regular rate of pay for those hours worked in excess of forty hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

36. Defendant's failure to pay Ms. Jones overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek resulted from its pay practices and policies.

37. As a result of Defendant's practices, Ms. Jones has suffered damages in that she has not received wages due to her pursuant to Ohio's wage and hour laws.

## COUNT THREE
### FLSA – Unpaid Minimum Wages

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed above.

40. Defendant failed to pay Plaintiff the minimum hourly wages to which she is entitled under 29 U.S.C. § 206.

41. Due to Defendant's violations of the FLSA, Plaintiff is entitled to recover from Defendant her unpaid minimum wages, liquidated damages in an amount equal to the unpaid

wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## COUNT FOUR
### Article II § 34a of the Ohio Constitution – Unpaid Minimum Wages

42. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendant has engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed above.

44. Defendant failed to pay Plaintiff the minimum hourly wages to which she is entitled under Article II § 34a of the Ohio Constitution.

45. Due to Defendant's violations of Article II § 34a of the Ohio Constitution, Plaintiff is entitled to recover from Defendant her unpaid minimum wages, and an additional amount equal to two times the amount of the unpaid minimum wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

## COUNT FIVE
### Failure to Pay Wages on a Semimonthly Basis

46. Ms. Jones incorporates by reference the foregoing allegations as if fully rewritten herein.

47. R.C. 4113.15(A) requires that Defendant pay Ms. Jones all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

6

48. There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Ms. Jones for time spent working.

49. Ms. Jones's unpaid wages have remained unpaid for more than 30 days beyond her regularly scheduled payday in violation of R.C. 4113.15(A).

50. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

51. As a result of Defendant's willful violation, Ms. Jones is entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Enter judgment against Defendant, and in favor of Ms. Jones;
B. Award Ms. Jones actual damages for unpaid wages;
C. Award Ms. Jones liquidated damages equal in amount to the unpaid wages found due to her;
D. Award Ms. Jones additional damages equal to two times the amount of unpaid wages;
E. Award Ms. Jones liquidated damages in an amount equal to six percent of the amount of the unpaid wages still unpaid or two hundred dollars, whichever is greater;
F. Award Ms. Jones pre-judgment and post-judgment interest at the statutory rate;
G. Award Ms. Jones attorneys' fees, costs, and disbursements; and
H. Award Ms. Jones further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Adam L. Slone 6/5/2025*
Adam L. Slone (Ohio Bar 0093440)
**Brian G. Miller Co., LLC**
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone: (614)221-4035 / Fax: (614)987-7841
Email: als@bgmillerlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Adam L. Slone  6/5/2025*
*Counsel for Plaintiff*
